IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        1:15cr21-MHT
                            )            (WO)
SALVADOR MENDOZA-GARCIA     )
```

OPINION AND ORDER

This cause is before the court on defendant Salvador Mendoza-Garcia's motion to continue. Based on the representations made at a hearing on June 22, 2015, and for the reasons set forth below, the jury selection and trial, now set for July 6, 2015, will be continued pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), courts are limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period "any period of... delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant."  18 U.S.C.A. § 3161(h)(1)(A).  It further excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  In granting a continuance under the latter provision, courts may consider, among other factors, whether the failure to grant the continuance "would be likely to... result in a miscarriage of justice," 18 U.S.C. § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the

Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. § 3161(h)(7)(B)(iv).

In this case, the ends of justice served by granting a continuance outweigh the interest of the public and Mendoza-Garcia in a speedy trial.  A psychological evaluation has raised significant concern about Mendoza-Garcia's mental competency to proceed.  The court must hold a hearing to determine his competency to proceed, and the government may need time to conduct its own evaluation before that hearing.  Accordingly, the requested continuance is needed to allow time for the determination of the mental competency of the defendant.  Failing to postpone the trial date to allow for competency proceedings would constitute a miscarriage of justice.

Furthermore, Mendoza-Garcia has applied for pretrial diversion, and the government needs at least two to three weeks to process his application.  The current trial date does not give the government enough

time to process the application. Denying Mendoza-Garcia the opportunity to obtain consideration for pretrial diversion also would be likely to result in a miscarriage of justice.

Finally, the government is not opposed to the continuance.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Defendant Salvador Mendoza-Garcia's motion for continuance (doc. no. 26) is granted.

(2) The jury selection and trial, now set for July 6, 2015, are reset for November 16, 2015, at 10:00 a.m., in at the Federal Courthouse in Dothan, Alabama.

DONE, this the 23rd day of June, 2015.

                                        /s/ Myron H. Thompson  
                                      **UNITED STATES DISTRICT JUDGE**